IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:04-CV-1535-L |
| AUTOBUSES TIERRA CALIENTE, INC., | § § | |
| Defendant. | § § § | |

MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Summary Judgment, filed January 28, 2005.  After careful consideration of the motion, responses, briefs,  reply, record, and the applicable law, the court **denies** Plaintiff's Motion for Summary Judgment.

I.    **Factual and Procedural Background**

Defendant Autobuses Tierra Caliente, Inc. ("Autobuses" or "Defendant"), a Texas corporation, operates passenger buses through several states, including Texas, and to the Mexican border.  At that point, operation of the bus is taken over by Autobuses de Guerrerro, S.A. de C.V., as required by Mexican law.   Plaintiff Lincoln General Insurance Company ("Lincoln" or "Plaintiff") issued a business automobile coverage policy ("the Policy") to Autobuses.  The Policy covered the period from August 3, 2003, through August 3, 2004.  The Policy provides:

> SECTION II - LIABILITY COVERAGE
> A.    COVERAGE
> We will pay all sums an insured legally must pay as damages because of bodily injury or  property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.  We have the right and duty to defend any suit asking for these damages.  However, we have no duty to defend suits for

> bodily injury or property damage not covered by this
> Coverage Form. We may investigate and settle any claim or
> suit as we consider appropriate.
>
> .   .   .
>
> SECTION IV - BUSINESS AUTO CONDITIONS
>
> .   .   .
>
> B.      GENERAL CONDITIONS
> .   .   .
>
> 7.      POLICY PERIOD, COVERAGE TERRITORY
>         Under this Coverage Form, we cover accidents and losses
>         occurring;
>         a.      During the policy period shown in the Declarations;
>                 and
>         b.      Within the coverage territory.
>         The coverage territory is:
>         a.      The United States of America;
>         b.      The territories and possessions of the United States of
>                 America;
>         c.      Puerto Rico; and
>         d.      Canada.
>         We also cover loss to, or accidents involving, a covered auto
>         while being transported between any of these places.

Plaintiff's App. Exhibit C at 75, 81.

The Policy also had an Endorsement for Motor Carrier Policies of Insurance for Public

Liability Under Section 18  of the Regulatory Reform Act of 1982 ("MCS-90B").  *See* Plaintiff's

App. Exhibit C at 100.  The MCS-90B endorsement provides in pertinent part:

> The insurance policy to which this endorsement is attached provides
> automobile liability insurance and is amended to assure compliance
> by the insured, within the limits stated herein, as a for-hire motor
> carrier of passengers with Section 18 of the Bus Regulatory Reform
> Act of 1982 and the rules and regulations of the Federal Highway
> Administration (FHWA) and the Interstate Commerce Commission
> (ICC).

**Memorandum Opinion and Order - Page 2**

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees judg[]ment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to financial responsibility requirements of Section 18 of the Bus Regulatory Reform Act of 1982 regardless of whether or not each motor vehicle is specifically described in the policy and **whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere**. Such insurance as is afforded, for public liability, does not apply to injury to or death of their employment, or property transported by the insured, designated as cargo.  It is understood and agreed that no condition, provision, stipulation or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judg[]ment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured.  However, all terms, conditions and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company.

*Id.* (emphasis added).

On May 5, 2004, one of Defendant's buses was involved in an accident along a highway in or around San Luis Potosí,  Republic of Mexico.  The bus was operated by Jorge Valdez Maldonado ("Maldonado").  Maldonado and three other individuals were killed.  Fifteen other persons suffered personal injuries.  Maria Lopez and Luis Enrique Alvarez, individually and as next friend of several others[1] (collectively "Intervenors"), filed suit against Autobuses as a result of the accident in the 298th Judicial District Court of Dallas County, Texas.

Lincoln filed this action against Autobuses on July 15, 2004, seeking a declaratory judgment that there is no coverage under the Policy for any damages claimed by Intervenors, and, therefore, it has no duty to defend Autobuses or Maldanado against any claims under the terms of the Policy.

---

[1] These persons are Rolando Mejia, Vanessa Alanis, Carlos Benitez, Ramona Patricia Alanis, and Ramona Patricia Alanis's Unborn Child.

**Memorandum Opinion and Order - Page 3**

On January 28, 2005, Lincoln filed a motion for summary judgment contending that it does not have a duty to defend or indemnify the underlying lawsuit based on the following grounds: (1) as the accident occurred in Mexico, it was outside the Policy's coverage territory; and (2) the MCS-90B endorsement to the Policy does not expand coverage to encompass an accident in Mexico because said location is beyond the jurisdiction of the Department of Transportation ("DOT").  On February 17, 2005, this court granted Intervenors' Motion to Intervene.  The court now considers the motion for summary judgment.

## II.     Analysis

### A.     Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986); *Ragas,* 136 F.3d at 458.  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

**Memorandum Opinion and Order - Page 4**

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied,* 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

### B.     Plaintiff's Motion for Summary Judgment

The issues to be resolved by the court in deciding the motion for summary judgment depend on the extent of coverage by the Policy, the MCS-90B endorsement, and the DOT's jurisdiction. Accordingly, the court addresses each of these matters in turn.

### 1.      Coverage

#### a.      Policy Coverage and the MCS-90B Endorsement

The specific liability coverage, policy period, covered territory, and MCS-90B endorsement

are set out in Section I, *supra.*  The DOT's authority to require financial responsibility in the form

of MCS-90B endorsement is pursuant to 49 U.S.C. § 31138.  This section provides:

> The Secretary of Transportation shall prescribe regulations to require
> minimum levels of financial responsibility sufficient to satisfy
> liability amounts established by the Secretary covering public
> liability and property damage for the transportation of passengers for
> compensation by motor vehicle in the United States between a place
> in a State and--
> (1) a place in another State;
> (2) another place in the same State through a place outside of that
> State; or
> (3) **a place outside the United States.**

*Id.* (emphasis added).  Proof of financial responsibility may be shown by endorsements such as the

Form MCS-90B endorsement in this case. Such endorsements are pursuant to Section 18 of the Bus

Regulatory Reform Act of 1982 ("ACT").  This federally-mandated endorsement was required under

the regulations of the now-defunct Interstate Commerce Commission ("ICC"). When the ICC was

abolished, its authority to regulate carriers was transferred to the DOT, but the old regulations

remain in effect until new ones are promulgated. *See T.H.E. Ins. Co. v. Larsen Intermodal Servs.,*

*Inc.,* 242 F.3d 667, 672 (5th Cir. 2001) (citing *John Deere Ins. Co. v. Nueva,* 229 F.3d 853, 855 n.3

(9th Cir.2000).  The policy embodied in the ICC regulations "was to assure that injured members of

the public would be able to obtain judgments collectible against negligent authorized carriers."

*Canal Ins. Co. v. First Gen. Ins. Co.,* 889 F.2d 604, 611 (5th Cir. 1989).  The insurer's obligations

under the endorsement are triggered when the policy to which it is attached provides no coverage

to the insured. *T.H.E. Ins. Co. v. Larsen*, 242 F.3d at 272.  The obligation placed upon the insurer

by the endorsement is one of suretyship. *See id.*

### b.      DOT's General Jurisdiction

The source of the DOT's general jurisdiction is set forth in 49 U.S.C. § 13501(1)(E).  This

section provides:

> § 13501. General jurisdiction
>
> The Secretary and the Board have jurisdiction, as specified in this
> part, over transportation by motor carrier and the procurement of that
> transportation, to the extent that passengers, property, or both, are
> transported by motor carrier--
>
> (1) between a place in--
>     (A)    a State and a place in another State;
>     (B)    a State and another place in the same State through
>         another State;
>     (C)    the United States and a place in a territory or
>         possession of the United States to the extent the
>         transportation is in the United States;
>     (D)    the United States and another place in the United
>         States through a foreign country to the extent the
>         transportation is in the United States; or
>     (E)    the United States and a place in a foreign country to
>         the extent the transportation is in the United States;
>         and
> (2) in a reservation under the exclusive jurisdiction of the United
> States or on a public highway.

### 2.      Analysis

Lincoln contends that the Policy does not cover the accident that is the basis of this lawsuit

because it occurred in Mexico, which was not part of the coverage territory.  Lincoln also maintains

that the MCS-90B endorsement does not extend coverage for this accident because the DOT is

without jurisdiction to regulate commerce or transportation in Mexico.  Lincoln asserts that § 13501

limits the DOT's jurisdiction to regulation of transportation and commerce inside the United States.

Lincoln maintains that nowhere in the legislation creating or authorizing the DOT has Congress evidenced an intent that the MCS-90B endorsement applies to territories outside the United States. Lincoln further contends that congressional legislation is meant to apply only within the territorial jurisdiction of the United States, unless a contrary intent appears in the legislation.

Autobuses counters that Lincoln is mistaken in its interpretation of 49 U.S.C. § 13501. Autobuses contends that the grant of jurisdiction in 49 U.S.C. § 13501(1)(E) applies to acts of motor carriers that occur in the United States, such as selling tickets and operating buses. It argues that 49 U.S.C. § 31138 specifically provides that the DOT shall require minimum levels of financial responsibility to cover property damages and injuries to passengers including transportation between the Unites States and places *outside the United States*.

Intervenors likewise argue that 49 U.S.C. § 31138 specifically vests the DOT with the authority to require financial responsibility for individuals traveling from the United States to places outside the United States. They also point out that the MCS-90B endorsement in this case states that the coverage area includes "any route or in any territory authorized to be served by the insured *or elsewhere*. *See* Plaintiff's App. Exhibit C at 100. Intervenors maintain that "elsewhere" includes Mexico, and that is the purpose of the MCS-90B endorsement. Intervenors further argue that since Autobuses travels between Texas and Mexico, the original Policy without the endorsement covers all travel within Texas; and the purpose of the MCS-90B endorsement is to extend coverage when the buses are in Mexico in compliance with 49 U.S.C.§ 31138.

Regarding Lincoln's argument that the DOT does not have jurisdiction to regulate transportation outside the United States, Intervenors maintain that the statute cited by Lincoln, 49 U.S.C. 13501(1)(E) only applies to interstate transportation and that the applicable provision is 49

U.S.C. § 31138.  This section specifically mandates the Secretary of Transportation to require bus companies to carry minimum financial responsibility in cases of an accident.

The court agrees with Autobuses and Intervenors.  The meaning of 49 U.S.C. § 31138 is clear.  The DOT has authority to require bus companies to have a minimum level of financial responsibility that protect travelers between the United States and places *outside the United States*. Thus, the MCS-90B endorsement in this case covers the accident that occurred in Mexico.  Further, the endorsement here states that it provides liability protection "whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere." *See* Plaintiff's App. Exhibit C at 100.  Lincoln has therefore not established that no genuine issue of material fact exists with respect to the issue of coverage; and thus it is not entitled to judgment as a matter of law.  Accordingly, the court finds that Lincoln's motion for summary judgment should be denied**.**

III.     Conclusion

For the reasons stated herein, Lincoln has not shown that there is no genuine issue of material fact as to whether the MCS-90B endorsement imposes a duty on Lincoln to defend and indemnify the underlying lawsuit.  Accordingly, Lincoln is not entitled to summary judgment on its claim for declaratory judgment, and the court **denies** Plaintiff's Motion for Summary Judgment.

Neither Defendant nor Intervenors filed a motion for summary judgment.  The essence of the court's ruling is that Defendant and Intervenors appear to be entitled to summary judgment on the issue of Lincoln's duty to defend and indemnify Defendant for the underlying lawsuit.  In order to determine whether summary judgment is appropriate on behalf of Defendant and Intervenors, the court **directs** Defendant and Intervenors to file a motion for summary judgment no later than

**October 3, 2005**. The response and replies are to be filed in accordance with the Local Rules of the

Northern District of Texas.

It **is so ordered** this 13th day of September, 2005.

Sam A. Lindsay
United States District Judge