UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



FILED

FEB 6 2006

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY<br>    PLAINTIFF | §<br>§<br>§<br>§ |
| V. | §<br>§ |
| AUTOBUSES TIERRA CALIENTE, INC.<br>    DEFENDANTS | §<br>§ |

CIVIL ACTION NO. 3-04-CV-1535L

### PLAINTIFF LINCOLN GENERAL INSURANCE COMPANY'S REPLY TO INTERVENORS' RESPONSE TO ITS OPPOSED MOTION TO ABATE AND STAY

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff Lincoln General Insurance Company ("Lincoln General") files this reply to correct the intervenors' statements in their response regarding the issues in *Lincoln General Insurance Co. v. Garcia Tours* and the timeline of the above-styled case:

**I.**

Intervenors are incorrect that the issue of the United States Department of Transportation's ("DOT") jurisdiction was not before the Southern District in the *Garcia Tours* case. In *Garcia Tours*, one of the grounds for summary judgment was the DOT's lack of jurisdiction over accidents occurring outside the United States' borders and territories. In fact, the *Garcia Tours* opinion (p. 13) squarely states that "Lincoln General contends that the applicability of the MCS-90B endorsement is limited by the jurisdiction of the Department of Transportation."[1] The *Garcia Tours* court extensively discusses whether the DOT's jurisdictional reach encompassed a foreign state (pp. 14–18) and ultimately held that the Motor Carrier Act limited the DOT's jurisdiction to transportation

---

[1] A certified copy of the opinion from *Lincoln Gen. Ins. Co. v. Garcia Tours*, Cause No. H-04-2897 (S.D. Tex. July 29, 2005) was attached as "Exhibit D" in the Appendix of Lincoln General's Motion to Reconsider (Docket No. 34).

occurring *in the United States* (pp. 15, 18). Accordingly, this Court should disregard intervenors' argument that *Garcia Tours* does not involve the same issues as this case.

## II.

Lincoln General cited the *Garcia Tours* opinion in its motion to reconsider as soon as it became a final opinion and has not ambushed the intervenors in this case. The timeline of the filings in *Autobuses* and *Garcia Tours* is as follows:

- **January 28, 2005**    Lincoln General files its motion for summary judgment in *Autobuses*.
- **July 29, 2005**    *Garcia Tours* opinion granting summary judgment is issued.
- **August 8, 2005**    Intervenors in *Garcia Tours* file their motion to reconsider.
- **September 13, 2005**    This Court denies summary judgment for Lincoln General in *Autobuses*.
- **September 26, 2005**    *Garcia Tours* court denies intervenors' motion to reconsider.
- **October 19, 2005**    Lincoln General files the motion to reconsider in *Autobuses*.

Lincoln General could not have cited *Garcia Tours* when it filed its motion for summary judgment in January 2005, since the opinion had not been issued.[2] Moreover, because the intervenors in *Garcia Tours* almost immediately filed a motion to reconsider on August 8, 2005, there was no final opinion in the *Garcia Tours* case. It was only after the Southern District denied the motion to reconsider on September 26, 2005 that the *Garcia Tours* opinion became final. Lincoln General timely and promptly brought to the Court's attention the *Garcia Tours* opinion in its motion to reconsider filed on October 19, 2005 after this Court denied the motion for summary judgment on September 13, 2005. Lincoln General has not sought to delay this case or hidden the *Garcia Tours* opinion.

---

[2] Intervenors have attached a copy of the *Garcia Tours* Docket Report to their response, and Lincoln General refers to the same.

2

### III.  CONCLUSION AND PRAYER

*Garcia Tours* is pending before the Fifth Circuit. That case involves issues and facts nearly identical to those in this case. For this reason, the Fifth Circuit's ruling in *Garcia Tours* would control this Court's decision regarding the various motions for summary judgment and Lincoln General's motion for reconsideration. Consequently, the Court should abate and stay this until the Fifth Circuit decides *Garcia Tours*.

WHEREFORE, PREMISES CONSIDERED, Lincoln General Insurance Company respectfully requests the Court to grant its motion to abate and stay and for such other relief to which Lincoln General Insurance Company may be justly entitled in equity and at law.

Respectfully submitted,

By: _____
LARRY D. WARREN
SD No. 13994
State Bar No. 20888450
ATTORNEY-IN-CHARGE
(210) 731-6350 (Direct line)
**ATTORNEY FOR PLAINTIFF,
LINCOLN GENERAL INSURANCE
COMPANY**

OF COUNSEL:

BALL & WEED
A Professional Corporation
Trinity Plaza II, Suite 500
745 East Mulberry
San Antonio, Texas 78212
(210) 731-6300
(210) 731-6499 (Telecopier)

## CERTIFICATE OF SERVICE

On the ___3___ day of February 2006, a true and correct copy of the foregoing document was forwarded to:

Mr. R. Allen Jones
Modjarrad & Associates
12900 Preston Road, Suite 600
Dallas, Texas 75230

Mr. Alfred G. Gilbertson, Jr.
Law Office of Alfred G. Gilbertson, Jr.
14221 Dallas Parkway, Suite 1500
Dallas, Texas 75254

_____
LARRY D. WARREN

4

436123.1