Case 3:04-cv-01535-L Document 48 Filed 05/25/06 Page 1 of 10 PageID 1064

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 2 5 2006

CLERK, U.S. DISTRICT COURT
By_____
Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINCOLN GENERAL § | |
| INSURANCE COMPANY § | |
|     Plaintiff § | Civil Action No: 3-04CV-1535L |
| § | |
| v. § | |
| § | |
| AUTOBUSES TIERRA CALIENTE, § | |
| INC. § | |
|     Defendant § | |

### INTERVENORS' BRIEF IN SUPPORT OF THEIR MOTION TO RECONSIDER THE STAY IN THIS CASE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Intervenors, Maria Lopez, Individually and as Next Friend of Rolando Mejia, and Luis Enrique Alvarez, Individually and as Next Friend of Vanessa Alanis and of Carlos Benitez and as Representative of Ramona Patricia Alanis and of Ramona Patricia Alanis' Unborn Child, hereinafter collectively referred to as "Intervenors", file this brief in support of their Motion Requesting this Court to Reconsider Its Order to Stay this Case (hereinafter "Motion to Reconsider"), and will show the Court that Intervenors' Motion to Reconsider should be granted.

### I. Statement of the Nature and Stage of the Proceedings

This court has stayed this matter pending the outcome of an appeal originating out of the Southern District of Texas.

## II. Statement of the Issues

This Court is respectfully but strongly urged to reconsider its stay and to enter a final order to resolve all outstanding motions in this case including Intervenors Motion for Summary Judgment. The Intervenors are entitled to a final order in this case. The basis for the stay was a Southern District case now before the 5th Circuit which would allegedly address the key issue in this case. That Southern District case has now been briefed, and it has become clear from the briefing that the ruling cannot possibly shed any light on the issue before this Court because the issue is being inexplicably conceded in that appeal by counsel in what is apparently quite simply a legal blunder. Therefore the appropriate thing for this Court to do at this time is to lift the stay, make a final ruling, and allow this case to go to the 5th Circuit for a resolution without delay or prejudice.

The Intervenors understand that the wheels of justice turn slowly. However, justice delayed is often justice denied. We are already more than two years from the date of the accident without any resolution in sight for these individuals. If this Court does not lift this stay then justice in this case for the Intervenors will most likely be justice denied.

## III. Argument

When Lincoln requested a stay in this matter more than six months ago it was on the basis that there was a recent case pending in the 5th Circuit that would address the §13501 dispute. It is understandable that this Court would not want to rule prematurely in light of an alleged "newly discovered" pending appeal which might "resolve this issue". <u>But as of the time this Court granted the stay in this case just two weeks ago, Lincoln's reason is no longer even arguably a possibility.</u> The Southern District case we are "waiting for" at the 5th Circuit

cannot possibly shed any light on the issue, because the counsel opposing Lincoln on the appeal ***inexplicably conceded the §13501 issue in their appellate briefing***!

Let us remind this Court of exactly what that underlying §13501 issue is. Lincoln claims that there is no insurance coverage <u>in both cases</u> because the accidents occurred outside of the United States. Lincoln's argument of no coverage <u>in both cases</u> rests squarely and inextricably upon the proposition that the D.O.T. has no "jurisdiction" because §13501 somehow "creates" the D.O.T. and therefore that §13501 limits the D.O.T.'s jurisdiction to events that occur inside the U.S. In previous briefing the Intervenors showed repeatedly that §13501 could not possibly have "created" the D.O.T. as <u>§13501 is simply a provision found in Subpart B of Chapter IV of the statute</u>, which regulates (and is entitled) "Interstate Commerce". The cited provision, §13501, is merely where <u>Congress defines the scope of that particular "Interstate Commerce" chapter</u>. But of course this case does not involve interstate commerce – rather, this case involves ***international*** commerce! So Lincoln's citation to §13501 is simply not relevant. And as a result, this Court denied Lincoln's Motion for Summary Judgment, ruling against Lincoln on this exact point:

> Regarding Lincoln's argument that the DOT does not have jurisdiction to regulate transportation outside the United States, Intervenors maintain that the statute cited by Lincoln, 49 U.S.C. [§] 13501(1)(E) only applies to interstate transportation and that the applicable provision is 49 U.S.C. § 31138. This section specifically mandates the Secretary of Transportation to require bus companies to carry minimum financial responsibility in cases of an accident.
> The court agrees with Autobuses and Intervenors. The meaning of 49 U.S.C. § 31138 is clear. The DOT has authority to require bus companies to have a minimum level of financial responsibility that protects travelers between the United States and places *outside the United States.* (Emphasis in original) [1]

---

[1] Memorandum Opinion and Order, pp. 8-9.

*INTERVENORS' BRIEF IN SUPPORT OF THEIR MOTION TO RECONSIDER*

And this brings us to the critical point. Lincoln's argument has no merit, and the issue should end there. And it would but for some Plaintiffs' lawyers in the Southern District who for reasons known only to them actually bought this crazy argument and have now <u>conceded</u> it on appeal. It is those lawyers and that case that form the alleged basis for the stay in this case. Now that the §13501 argument has been conceded in their appeal briefs, however, this stay is no longer reasonable - because the stay was entered with the expectation that the 5th Circuit opinion stemming from that case would give some guidance or insight on the issue, but with the issue being conceded by opposing counsel <u>what guidance will the case offer? None</u>.

Granted, at the time the Motion to Stay was filed and briefed, more than six months ago, it was at least theoretically possible that the §13501 issue might be briefed in the 5th Circuit appeal even though it also had been inexplicably conceded at the trial court, since the review of such an issue is *de novo* on appeal. But with the briefing done, it is now absolutely clear that that cannot be the case. So what possible reason is there to wait for that decision? None.

Furthermore, and this point cannot be made strongly enough, the reality is that regardless of what the 5th Circuit does in the Southern District case, <u>the present case will be finalized by this Court and then appealed</u>. There simply is no way around that: even if the 5th Circuit reverses the Southern District on the §13501 issue, which has been conceded by opposing counsel, and if this Court then rules against Lincoln, <u>Lincoln will still take this case up on appeal</u>, if for no other reason than that it makes economic sense to keep making interest off the money as long as they can. On the other hand, if the 5th Circuit upholds the Southern District case, since the issue is not being challenged, and if this Court then feels somehow compelled to reverse itself and to rule in favor of Lincoln, then the Intervenors will have no

choice but to appeal and to put the arguments in front of the 5th Circuit <u>for the first time</u>. And so as a practical matter the stay would not conserve judicial resources, but rather it would waste them, saving this Court nothing and causing another appeal for the 5th Circuit. <u>Nothing can prevent an appeal of this case to the 5th Circuit.</u> The stay only accomplishes one thing: it gives Lincoln a victory they can not win on the merits, by allowing them more time, which translates into more interest income, which simply is a financial gain for them.

Lincoln already lost in this Court on the merits when this Court denied its Motion for Summary Judgment but is winning today because of the stay. <u>And unless the stay is lifted they get yet another huge windfall victory</u>: they get their ridiculous §13501 argument, <u>seen for what it is and rejected by this Court</u>, heard by the 5th Circuit for the first time <u>without any opposition briefing</u>. That way when this case finally and inevitably gets to the 5th circuit, they may likely argue, "This issue has already been decided by the 5th Circuit, your Honors". Of course it will have been …. without any opposition briefing! This is <u>exceptionally prejudicial to the Intervenors in this case</u>. This Court must be aware of this disadvantage and the prejudice such a course of events will impose on the Intervenors. It is unjust at this point for such prejudice against the Intervenors, <u>for it is Lincoln that this Court has ruled against in its summary judgment motion, not the Intervenors.</u>

The Intervenors should be allowed to get to the 5th Circuit without delay. Certainly the 5th Circuit would very much want to consider the two cases at the same time rather than hearing them separately. What possible reason does Lincoln have to object to this course of action? Only one: they don't want the 5th Circuit to see the arguments that only one court, this Court, has seen and rejected concerning their §13501 "jurisdiction" position. They've probably been making that argument for years, and nobody every snapped to and said, "Wait a

*INTERVENORS' BRIEF IN SUPPORT OF THEIR MOTION TO RECONSIDER*

minute, Lincoln, you're citing the wrong chapter!" Now that the cat's out of the bag it's only a matter of time, and so they are doing everything they can to be sure that the first impression the 5th Circuit gets is a one-sided affair, a Lincoln's sided affair. Having ruled against Lincoln on this very issue, and knowing <u>now</u> that the issue is not even being opposed at the 5th Circuit, this Court should not sit by and allow Lincoln to reap an undeserved benefit at the expense of the Intervenors. That would not be justice.

<u>All the briefing is done in this case.</u>

<u>This Court has already ruled on the exact issue remaining.</u>

<u>The case will be appealed eventually, regardless.</u>

<u>And all that can happen now by delaying the ruling is to prejudice the Intervenors in this case.</u>

Your Honor, counsel is well aware that oral argument is rarely granted in the Northern District. So the Intervenors will make the following admittedly informal argument in this brief. This Court is the only court that has had the benefit of having heard <u>any opposition briefing</u> to Lincoln's preposterous §13501 "jurisdiction" argument. And this Court rejected it and ruled against Lincoln.

The fact is that the Judge in Houston was sold a bill of goods. Everyone knows that the District Courts are completely swamped and understaffed. So when the §13501 "jurisdiction" argument was conceded by the other side in the Southern District it isn't surprising that the Judge accepted it. That makes sense. The Judge reasonably assumes that if there is a problem with the argument then the other side won't concede it. They will argue it. The Judge doesn't

have the time or resources or the obligation to investigate each and every argument that could have been made, but wasn't, by counsel. And the fact is that in that case Lincoln got lucky – their opposing counsel simply dropped the ball.

The result is that the Southern District Judge accepted Lincoln's argument and has now issued an opinion actually adopting the totally absurd position <u>that Congress created the D.O.T. in §13501 of Chapter IV of Subpart B of the statute</u>.  Intervenors venture to guess that, if the Southern District Court were made aware of the arguments that this Court has seen, her Honor might feel somewhat manipulated, and possibly embarrassed that such an opinion was going to go in front of the 5th Circuit.  Because is there really any doubt that if the Judge in Houston had known about the arguments against Lincoln's position that she still would have ruled for them?  Of course not.

The briefing has been submitted on that appellate case, and it is obvious once again that the decision maker in that case will not have the benefit of any opposition argument to Lincoln's §13501 position. Consequently, it is imperative that the present case be allowed to proceed to the 5th Circuit without delay.

Both this Court's time and the 5th Circuit's time are valuable.  Having the 5th Circuit consider an appeal without having any opposition argument being heard, <u>when there is opposition argument available that is air tight, is not a good use of the Justices' time</u>. This Court knows that.  The bottom line is that at some point this case will get to the 5th Circuit. At some point those Justices will hear the slam dunk opposition arguments to Lincoln's §13501 nonsense that this Court has heard and that Lincoln can't answer.  And when they do they will find against Lincoln.  Lincoln is fighting hard to push that day off as far into the future as it can.  This Court has already found Lincoln's arguments to be without merit.  It should not

reward them by continuing this stay <u>when it has become clear now that the Southern District appeal is not going to be instructive in any way</u>.

What more can the Intervenors to do to indicate to this Court how much they desire a final order from this Court? There is perhaps one thing, and here it is: <u>the Intervenors would rather the Court reverse itself and rule against them, than continue this stay</u>. And if the Court believes the issue is close, then please do that. <u>Because it is the wait itself that is prejudicing the Intervenors at this point.</u> That is how confident Intervenors are in their arguments. Can Lincoln say the same thing? No, of course not. <u>Lincoln has no answer to the Intervenors' legal arguments</u>. Lincoln can only delay having to face them, and that's why they don't want the 5th Circuit to hear the arguments. All the Intervenors are asking for from your Honor is that they get what they have earned when this Court rejected Lincoln's ridiculous "jurisdiction" claim, and that is a chance to move forward and resolve this matter once and for all so that the individuals who were injured and had family members killed in that accident <u>more than two years ago</u> get their fair chance to present their case. They shouldn't be prejudiced at the 5th Circuit as the result of the omissions and oversights of some other counsel on some other case <u>when that prejudice can be prevented</u>. What else could the Intervenors offer to show the Court that they urgently need a final order to avoid the prejudice that the delay will bring? Nothing more. So once again the Intervenors strongly urge this Court to lift the stay and to issue final orders in this case.

### *PRAYER*

*Wherefore*, Intervenors respectfully request that this Court deny Lincoln's Motion to Abate and Stay in all respects and in the alternative allow the Intervenors an opportunity to

brief any matters that this court decides would be helpful, and for all other relief at law and equity to which the Intervenors may be entitled.

Respectfully submitted May 25, 2006 by,

_____
**Mr. Alfred G. Gilbertson, Jr.**
Bar Card No. 07903200

Law Office of Alfred G. Gilbertson, Jr.
14221 Dallas Parkway, Suite 1500
Dallas, TX 75254
Tel.   (214) 540-7799
Fax   (214) 540-7401
**Attorney for Intervenors**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was mailed to all counsel of record in this matter by placing the same in properly addressed and stamped envelope for first class delivery on this _25th_ day of May 2006.

_____
Alfred G. Gilbertson, Jr.