

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINCOLN GENERAL INSURANCE COMPANY<br>PLAINTIFF | § § § § | |
| V. | § § | CIVIL ACTION NO. 3-04-CV-1535L |
| AUTOBUSES TIERRA CLIENTE, INC.<br>DEFENDANTS | § § § | |

## PLAINTIFF, LINCOLN GENERAL INSURANCE COMPANY'S RESPONSE TO INTERVENORS' MOTION TO RECONSIDER THE STAY

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff, Lincoln General Insurance Company ("Lincoln General") responds to Intervenors' motion and would respectfully show that the stay should continue because all controlling issues of the case are properly before the Fifth Circuit:

I.

Intervenors are incorrect that the *Garcia Tours* appeal "can no longer be instructive or persuasive." (Intervenors' motion at p. 2). The real issue in *Garcia Tours* and this case is the interpretation of the MCS-90B endorsement in a commercial general insurance policy to extra-territorial accidents, not the extent and scope of the U.S. Department of Transportation's jurisdiction under 49 U.S.C.A. § 13501. The Fifth Circuit's decision would control the application of the MCS-90B endorsement to an accident occurring in Mexico, regardless of the various arguments for and against the issue.

II.

The briefing is complete in the *Garcia Tours* appeal, and the Fifth Circuit has been cited to and is thus well-aware of the prior unpublished decision from this Court on Lincoln General's motion for summary judgment. (*See* Intervenors' Appendix

446875.1

[Appellant's Brief] at p. 26). All arguments on the issue of interpreting the MCS-90B endorsement are before the Fifth Circuit, and it would be a waste of judicial resources (as well as the parties') to lift the stay to allow the appeal of a case that has identical facts controlling law and nearly identical facts as *Garcia Tours*.

### III.

Lifting the stay may actually result in more prejudice and far greater chance of wasting judicial resources. Regardless of the party appealing from a final judgment in this case, the Fifth Circuit would be faced with essentially the same facts and issues as *Garcia Tours*. If an opinion was issued in *Garcia Tours* meanwhile, the Fifth Circuit would most likely remand for reconsideration by this Court based on its opinion and force this Court to consider the issue a third time! This is, however, only one possible event that may or may not occur in the future and illustrates that speculating as to what the Fifth Circuit will decide is futile at this point and does not assist in resolving this case.

### IV.   CONCLUSION AND PRAYER

*Garcia Tours* involves issues and facts nearly identical and law which are identical to those in this case. For this reason, the Fifth Circuit's ruling in *Garcia Tours* would control this Court's decision regarding the various motions for summary judgment and Lincoln General's motion for reconsideration. There is no reason to lift the stay at this point just to allow parties to appeal.

WHEREFORE, PREMISES CONSIDERED, Lincoln General Insurance Company respectfully requests the Court to deny Intervenors' motion to reconsider and for such other relief to which Lincoln General Insurance Company may be justly entitled in equity and at law.

Respectfully submitted,

By: _____
LARRY D. WARREN
SD No. 13994
State Bar No. 20888450
ATTORNEY-IN-CHARGE
(210) 731-6350 (Direct line)
**ATTORNEY FOR PLAINTIFF,
LINCOLN GENERAL INSURANCE
COMPANY**

OF COUNSEL:

BALL & WEED
A Professional Corporation
Trinity Plaza II, Suite 500
745 East Mulberry
San Antonio, Texas 78212
(210) 731-6300
(210) 731-6499 (Telecopier)

## CERTIFICATE OF SERVICE

On the 6 day of June 2006, a true and correct copy of the foregoing document was forwarded to:

Mr. R. Allen Jones
Modjarrad & Associates
12900 Preston Road, Suite 600
Dallas, Texas 75230

Mr. Alfred G. Gilbertson, Jr.
Law Office of Alfred G. Gilbertson, Jr.
14221 Dallas Parkway, Suite 1500
Dallas, Texas 75254

_____
LARRY D. WARREN

3

446875.1