IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LINCOLN GENERAL INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 3:04-CV-1535-L |
| **AUTOBUSES TIERRA CALIENTE, INC.,** | § § § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Intervenors' Motion to Reconsider the Stay in this Case, filed May 25, 2006. Intervenors[1] request the court to reconsider its Order of May 5, 2006, staying this action, ("*Autobuses"*) until the Fifth Circuit rules on *Lincoln General Insurance Co. v. Maria De La Luz Garcia*, Civil Action No. H-04-2897 ("*Garcia Tours*").

**I.  Background**

On September 13, 2005, the court issued an opinion and order in this case denying Plaintiff's Motion for Summary Judgment. In its opinion, the court determined that the Department of Transportation ("DOT") has authority to require bus companies to have a minimum level of financial responsibility that protects travelers between the United States and places outside the United States. The court also determined that the MCS-90B endorsement in this case covers the Mexico accident that forms the basis of this lawsuit.

In *Garcia* Tours, filed in the Southern District of Texas Houston Division, the court held that

---

[1]Intervenors are the intended third-party beneficiaries of the insurance policy at issue in this case. They are Maria Lopez, Individually and as Next Friend of Roland Mejia; and Luis Enrique Alvarez, Individually and as Next Friend of Vanessa Alanis and of Carlos Benitez, and as Representative of Ramona Patricia Alanis and of Ramona Patricia Alanis's Unborn Child.

**Memorandum Opinion and Order - Page 1**

the DOT does not have jurisdiction over motor carriers outside the United States. It also determined that the MCS-90B endorsement in that case does not apply to transportation occurring outside the United States. *See id.* (S.D.Tex. July 29, 2005). A notice of appeal to the Fifth Circuit of this ruling was filed on October 24, 2005. In light of the conflicting rulings in *Autobuses* and *Garcia Tours*, the court agreed that the issues needed to be revisited or reconsidered; however, as *Garcia Tours* had been appealed to the Fifth Circuit, the court believed it to be more judicially prudent to stay this action until the Fifth Circuit rules on that case.

## II.   Intervenors' Motion

Intervenors filed their motion to reconsider the stay in the case, contending that there is no longer a valid reason to stay this case, as "[t]he pertinent issue for this case [*Autobuses*] has been inexplicably conceded by counsel opposing Lincoln in that [*Garcia Tours*] 5th Circuit appeal."[2] Intervenors' Motion at 2. Intervenors maintain that the pertinent issue here is whether the DOT has jurisdiction to regulate transportation in Mexico. They contend that "[t]he appeal can no longer be instructive or persuasive since the pertinent point is being conceded and has not been briefed to the 5th Circuit" by Garcia Tours' counsel. *Id.*

Lincoln General Insurance Company ("Lincoln" or "Plaintiff") argues that the *Garcia Tours* appeal involves

> the interpretation of the MCS-90B endorsement in a commercial general insurance policy to extra-territorial accidents, not the extent and scope of the U.S. Department of Transportation's jurisdiction under 49 U.S.C.A. § 13501. The Fifth Circuit's decision would control the application of the MCS-90B endorsement to an accident occurring in Mexico, regardless of the various arguments for and against the issue.

---

[2]*Autobuses* Intervenors maintain that "inexplicable" concession in *Garcia Tours* of the key issue that affects this case "is apparently quite simply a legal blunder." Intervenors' Brief at 2.

**Memorandum Opinion and Order - Page 2**

Plaintiff's Response at 1.

### III.    Discussion

The court has reviewed the Appellants and Appellee's briefs in the *Garcia Tours* appeal. The *Garcia Tours* Appellants[3] argue that the MCS-90B endorsement eliminates the territorial limitation in the body of Lincoln's insurance policy, and obligates Lincoln to pay a judgment for liability, regardless of where the accident occurred, including outside the United States. Intervenors' Appendix at 16-21. They also argue that the MCS-90B's reach should not be limited by DOT's jurisdiction. *Id.* at 21. Conceding that the DOT only has jurisdiction over transportation in the United States, the Appellants contend that their issue is not "whether a United States agency is vested with authority to regulate Mexican roads. The issue, instead, is whether a private contract between a bus company and its insurer has effect across the Mexican border." *Id.* at 25. The Appellants maintain that the MCS-90B endorsement is valid outside the United States.

The *Garcia Tours* Appellee, Lincoln, contends that the issue in the case is whether MCS-90B endorsement applies when the accident takes place outside the United States. *Id.* at 45. It argues that the MCS-90B endorsement cannot apply to an accident outside of the United States because the DOT has no jurisdiction outside the United States pursuant to 49 U.S.C.A. § 13501 (West 1997).[4] It maintains that the statutory and regulatory framework of the MCS-90B endorsement

---

[3]The *Garcia Tours* Appellants are the intervenors in that case. As intervenors they are the intended third-party beneficiaries of the insurance policy at issue in *Garcia Tours*. They are Claudia Morquecho, individually and as next friend of her minor child Diana Morquecho and her minor child Veronica Hernandez Morquecho; Jose Morquecho; Juana Morquecho, individually and as next friend of her minor child Erick Ivan Rodriguez Morquecho; Marcelina Morquecho, individually and as next friend of her minor child Richard Velazquez Morquecho; Fidel Morquecho, individually and as personal representative of the Estate of Virginia Anquina Serna, his wife, deceased, and as personal representative of the Estate of Jaimie Morquecho, his son, deceased.

[4]The court notes that Appellants and Appellees refer to this court's September 13, 2005 opinion and order denying Lincoln's motion for summary judgment. Appellants cite it as the proper interpretation of the reach of the MCS-90B endorsement into Mexico. Appellees, however, maintain that the Fifth Circuit should give no weight to the opinion.

**Memorandum Opinion and Order - Page 3**

limits it to accidents within the United States. Appellee also asserts that the endorsement cannot expand the coverage of the underlying policy, which limits the covered territory to the United States, its territories, Puerto Rico and Canada.[5]

In its September 13, 2005 opinion and order, this court based its ruling on the specific language in the MCS-90B endorsement, and DOT's authority to require financial responsibility pursuant to 49 U.S.C. § 31138. The court also concluded that DOT's general jurisdiction, pursuant to 49 U.S.C. § 13501, did not preempt DOT's authority to require bus companies to have a minimum level of financial responsibility that protect travelers between the United States and places outside the United States. The parties' briefs in the *Garcia Tours* appeal clearly present the same issues, even if the *Garcia Tours* Appellants have conceded that the DOT does not have jurisdiction outside the United States. Specifically, their issue is the validity of the MCS-90B endorsement as a contract that can be enforced for an accident that occurred outside the United States. Moreover, Appellees in *Garcia Tours* raise the issue of the DOT's jurisdiction outside the United States. This court therefore concludes that the pertinent issues in this case are also the issues before the Fifth Circuit in *Garcia Tours*. Accordingly, as the court believes it to be more judicially prudent to stay this action until the Fifth Circuit rules on the *Garcia Tours* appeal, Intervenors' Motion to Reconsider the Stay in this Case is **denied**.

**It is so ordered** this 28th day of August, 2006.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[5]The insurance policy and endorsement in *Garcia Tours* is identical to the policy and endorsement at issue here.

**Memorandum Opinion and Order - Page 4**