IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LINCOLN GENERAL INSURANCE CO.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:04-CV-1535-L** |
| | § | |
| **AUTOBUSES TIERRA CALIENTE, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Plaintiff's Brief in Support of Court Vacating the September 13, 2005 Order, filed November 9, 2007; and (2) Defendant's Position in Light of the 5th Circuit's Decision in *Garcia Tours*, filed November 9, 2007. After considering these briefs and the applicable law, the court **reopens** this case, **vacates in part** its September 13, 2005 Memorandum Opinion and Order, and **grants** Lincoln General Insurance Company's Motion for Summary Judgment, filed January 28, 2005.

Plaintiff in this case seeks a declaratory judgment that: (1) there is no coverage under an insurance policy for damages sought by injured persons who filed a state court action arising out of a bus accident in Mexico (the "Intervenors");[1] and (2) it has no duty to defend Defendant Autobuses Tierra Caliente, Inc. for claims arising out of the accident in question. Pl.'s Orig. Compl. and Request for Decl. Relief ("Compl.") ¶ 16. Because the parties agreed to stipulate to certain facts,

---

[1]Plaintiff seeks a declaration regarding the damages sought by plaintiffs in a state court action in the 298th Judicial District Court in Dallas, Texas. These plaintiffs are: Maria Lopez, individually and as next friend of Rolando Mejia, and Luis Enrique Alvarez, individually and as next friend of Vanessa Alanis and of Carlos Benitez, and as representative of Ramona Patricia Alanis and of Ramona Patricia Alanis's unborn child. Lopez and Alvarez were granted leave to intervene as parties in this action on February 16, 2005.

**Memorandum Opinion and Order – Page 1**

the court issued a scheduling order that allowed the parties to move directly to summary judgment briefing. Scheduling Order (Oct. 28, 2004). Plaintiff moved for summary judgment on January 28, 2005, and argued that it was entitled to relief because a policy endorsement, the MCS-90B endorsement, does not apply to accidents that occur outside of the United States. On September 13, 2005, the court denied Plaintiff's motion, found that the endorsement applied in this case, and ordered Defendant and Intervenors to file motions for summary judgment. Defendant and Intervenors filed motions for summary judgment on October 3, 2005.

On October 19, 2005, Plaintiff filed a motion to reconsider the denial of its summary judgment motion and argued that the court should reconsider its order in light of a decision in the Southern District of Texas in a case involving the same plaintiff and the same insurance endorsement. That court reached the opposite conclusion and held that the endorsement did not apply to the accident in that case. Before the court ruled on the motion for reconsideration, Plaintiff filed a motion to stay or abate, asking the court to stay the case because the Southern District case had been appealed to the Fifth Circuit Court of Appeals, in the case *Lincoln General Insurance Co. v. Maria de la Luz Garcia* ("*Garcia Tours*"). The court denied without prejudice the motion for reconsideration, granted the motion to stay, and denied without prejudice Defendant and Intervenors' pending motions for summary judgment. Intervenors then moved the court to reconsider its order on the motion to stay. The court denied this second motion to reconsider on August 28, 2006.

On July 3, 2007, the court administratively closed this case and directed the parties to inform it when the appellate court ruled in *Garcia Tours*. The court has now issued its decision in *Garcia Tours*, 501 F.3d 436 (5th Cir. 2007). The court concluded:

**Memorandum Opinion and Order – Page 2**

> Because the . . . accident occurred in Mexico, a place where the for-hire motor carrier was not subject to the minimum financial responsibility requirements of federal law, the MCS-90B endorsement is not applicable and does not provide coverage for the . . . accident. Thus, the district court did not err in concluding that the MCS-90B endorsement does not apply.

*Id*. at 442. The court informed the parties that it believed that the *Garcia Tours* decision required it to vacate its September 13, 2005 order and directed the parties to submit briefing on their positions. The parties' briefing is now before the court.

Plaintiff argues that the court should vacate the September 13, 2005 order and grant its motion for summary judgment. Defendant attempts to distinguish *Garcia Tours* and argues that it is an improper party in the underlying state court action. Defendant states that the proper party is a Mexican entity named Autobuses de Guerrero, S.A. de C.V., and that Plaintiff has a duty to defend it because it is improperly named as a Defendant.

The court determines that *Garcia Tours* is directly on point and in light of this authority, it is clear that the MCS-90B endorsement does not apply to the accident in question and there is no coverage. Accordingly, there is no genuine issue of material fact that the MCS-90B endorsement does not apply and that Plaintiff has no duty to defend Defendant in the underlying state lawsuit, and Plaintiff is entitled to judgment as a matter of law.

Defendant's eleventh-hour argument that the true issue is whether Plaintiff must defend it as an improperly-named party does not save the day. Defendant pleaded in its Answer that it was misnamed:

> The state court action is mistakenly directed to Autobuses Tierra Caliente, Inc. The proper Defendant is a related company, Autobuses de Guerrero, S.A. de C.V., which operates all of the tours within Mexico, which maintains the necessary licenses to operate in Mexico and which has insurance for its operations in Mexico. If Defendant

> is actually the real party in the State Court Suit, then Plaintiff must
> provide coverage under applicable Federal law as described herein
> below and this matter should be decided in the state court.

Def.'s Amend. Orig. Answer and Counterclaim ¶ 18. Defendant stated in both its response to Plaintiff's motion for summary judgment and its motion for summary judgment that once in Mexico, the bus was operated by the Mexican entity, and filed an affidavit in support of this statement. Its briefing, however, focuses on whether the Department of Transportation has jurisdiction outside of the United States, and whether the particular endorsement applies to an accident that occurred in Mexico. The issue of whether Defendant was the proper party was not briefed by the parties when the court considered Plaintiff's or Defendant's motion for summary judgment. Defendant's focus was whether the endorsement applied, and it did not argue that Plaintiff had a duty to defend it as an improperly sued party.

      The court determines that Defendant's argument at this stage that it is an improperly-named party and that there is an issue regarding Plaintiff's duty to defend it as an improperly-named party comes too late. Defendant failed to raise this issue– even though it had two distinct opportunities to do so: in responding to Plaintiff's motion for summary judgment and in its own motion for summary judgment – until the appellate court held that its substantive position on the applicability of the endorsement was incorrect. Because Defendant did not raise this issue in response to Plaintiff's motion for summary judgment or as part of its motion for summary judgment, the court concludes that its last minute attempt at a "Hail Mary" to save its defense comes too late and is waived. Moreover, even if Defendant did not waive this argument, it does not alter the outcome. If the policy does not does not provide for coverage of the bus accident in Mexico, that a party is

properly or improperly named is of no moment, as it does not alter the nonapplicability of the policy endorsement.

The court **directs** the clerk of the court to **reopen** this case. The court determines that for the relief sought by Plaintiff in its original motion for summary judgment, the *Garcia Tours* decision mandates that the court **vacate** sections II(B)(2) and III of its September 13, 2005 Memorandum Opinion and Order. The court **grants** Plaintiff's motion for summary judgment because there is no genuine issue of material fact regarding the applicability of the MCS-90B endorsement. Accordingly, the court determines that the MCS-90B endorsement does not apply to the bus accident in question and **declares** that: (1) there is no coverage under Policy Number LPA101811 for any damages claimed by: Maria Lopez, individually, and as next friend of Rolando Mejia, and Luis Enrique Alvarez, individually, and as next friend of Vanessa Alanis and of Carlos Benitez, and as representative of Ramona Patricia Alanis and of Ramona Patricia Alanis's unborn child, and (2) Plaintiff has no duty to defend Defendant against any such claims under the terms of Policy Number LPA101811. The court will issue judgment by separate order pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 15th day of January, 2008.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge